UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANDRE SYLVESTER WATTS, )<br>    Petitioner, )<br>)<br>v. )<br>)<br>FEDERAL BUREAU OF PRISONS, et al., )<br>    Defendants. )<br>) | Civil Action No. 1:06cv00755 |

**DEFENDANTS'**
**MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rule 56(b), of the Federal Rules of Civil Procedure, the Defendants through counsel, respectfully submits its motion for summary judgment.  Plaintiff, Federal Register Number 13799-083, filed this action pursuant to 28 U.S.C. § 1361, which allows an individual to compel an officer or employee of the United States or any agency thereof to perform a duty owed to that individual.  Plaintiff invokes § 1361, simply asking the Court to compel the Bureau of Prisons to respond to his Freedom of Information Act (FOIA) request.   In support of this motion, the Defendants  respectfully refer the Court to their memorandum of points and authorities and the attached declaration of  Sharon Wahl, Exhibit A. (Wahl Declaration).

*Pro Se* Plaintiff will please take note that the assertions contained in the accompanying declaration in support of Defendants' motion will be accepted by the Court as true unless Plaintiff submits his own affidavit or other documentary evidence contradicting the assertions in Defendants' declaration.  See Neal v. Kelly, 963 F.2d 453, 456 (D.C. Cir. 1992), and Local Rule 7.1.

Further, Fed. R. Civ. P. 56(e) provides that:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall

>show affirmatively that the affiant is competent to testify to the matters stated therein.  Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.  The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits.  When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

Because this is a dispositive motion, Defendants have not sought plaintiff's consent before filing it.  LCvR 7(m).

July 3, 2006

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

_____
RUDOLPH  CONTRERAS, D.C. Bar #  434122
Assistant United States Attorney

_____
BENTON G. PETERSON, WI. Bar #1029849
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. – Civil Division
Washington, D.C.  20530
(202) 514-7238 514-8780 (Facsimile)
Benton.Peterson@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANDRE SYLVESTER WATTS, )
    Petitioner, )
     )
v. )   Civil Action No. 1:06cv00755(RJL)
     )
FEDERAL BUREAU OF PRISONS, et al., )
    Defendants. )
     )

## MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

COMES NOW the Federal Bureau of Prisons, by undersigned counsel hereby moves to dismiss this action for reasons stated below.

### STATEMENT OF THE CASE

Inmate Andre Sylvester Watts (hereinafter "Petitioner"), Federal Register Number 13799-083, filed this action pursuant to 28 U.S.C. § 1361, which allows an individual to compel an officer or employee of the United States or any agency thereof to perform a duty owed to that individual. Petitioner invokes § 1361, simply asking the Court to compel the Bureau of Prisons to respond to his Freedom of Information Act (FOIA) request.

### ARGUMENT

### THE ISSUE IN THE CASE AT HAND IS MOOT

Generally speaking, a case becomes moot when the issues are no longer live or the parties lack a cognizable interest in the outcome. Powell v. McCormack, 395 U.S. 486, 496 (1969). If developments occur during the course of adjudication that eliminate a Petitioner's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot. Blanciak v. Allegheny Ludlum Co, 77 F.3d 690, 699 (3d Cir. 1996).

See also Garcia v. Lawn, 805 F.2d 1400, 1402 (9th Cir. 1986) (stating that "the test for mootness ... is whether the appellate court can give the appellant any effective relief in the event that it decides the matter on the merits in his favor.").

Plaintiff cites 28 U.S.C. § 1361, requesting that the Court use its mandamus power to provide relief. Mandamus generally will not issue unless there is a clear right by the plaintiff to the relief sought, a plainly defined and nondiscretionary duty on the part of the defendant to honor that right, and no other adequate remedy, either judicial or administrative, available. Ganem v. Heckler, 746 F.2d 844, 852 (D.C. Cir. 1984); accord In Re Lane, 801 F.2d 1040, 1042 (8th Cir. 1986); Homewood Professional Care Center, Ltd. v. Heckler, 764 F.2d 1242, 1251 (7th Cir. 1985); Jones v. Alexander, 609 F.2d 778 (5th Cir. 1980); Billiteri v. U.S. Board of Parole, 541 F.2d 938 (2nd Cir. 1976).

In the case at hand, Petitioner filed a FOIA request with the Bureau of Prisons on February 21, 2006. See Defendants' Exhibit A, Declaration of Sharon Wahl. Before the agency had a chance to respond to his request, Petitioner filed this Petition for Issuance of a Writ of Mandamus. See Complaint signed March 16, 2006. On April 7, 2006, the Bureau of Prisons responded to Petitioner's request. See Defendants' Exhibit A.

Based on the above, it is clear Petitioner filed the instant action before the agency had responded to his request. Because Petitioner's request has been responded to, this action is moot and must be dismissed.

                          Respectfully submitted,

                          _____
                          KENNETH L. WAINSTEIN, D.C. BAR # 451058
                          United States Attorney

_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


_____
BENTON G. PETERSON, WI. Bar #1029849
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. – Civil Division
Washington, D.C. 20530
(202) 514-7238 514-8780 (Facsimile)
 **Benton.Peterson@usdoj.gov**