UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANDRE SYLVESTER WATTS,            )
                                  )
        Plaintiff,                )
                                  )
  v.                              )        Civil Action No. 06-0755 (RJL)
                                  )
FEDERAL BUREAU OF PRISONS,        )
                                  )        **FILED**
        Defendants.               )
                                             JUL 1 3 2006

**ORDER**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Defendant moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Because a ruling on defendant's motion may dispose of the case, plaintiff is advised of his obligations under the Federal Rules of Civil Procedure and the local rules of this Court.

In *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988), the Court of Appeals held that a district court must take pains to advise a *pro se* party of the consequences of failing to respond to a dispositive motion. "That notice . . . should include an explanation that the failure to respond . . . may result in the district court granting the motion and dismissing the case." *Id.* at 509. In *Neal v. Kelly*, 963 F.2d 453 (D.C. Cir. 1992), the Court of Appeals stated that the district court must inform *pro se* litigants that, on a motion for summary judgment, "any factual assertion in the movant's affidavits will be accepted . . . as being true unless [the opposing party] submits his own affidavits or other documentary evidence contradicting the assertion." *Id.* at 456 (quoting *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982)).

1

The court specified that the "text of Rule 56(e) should be part of the notice" issued to the *pro se* litigant. *Id.* Under Rule 56(e) of the Federal Rules of Civil Procedure:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e). Thus, parties, such as plaintiffs, who oppose a motion for summary judgment must rebut the moving party's affidavits with other affidavits or sworn statements; simple allegations that the moving party's affidavits are inaccurate or incorrect are not sufficient. For these purposes, a verified complaint shall serve as an affidavit. *See Neal*, 963 F.2d at 457-58.

Accordingly, it is hereby

ORDERED that plaintiff shall file an opposition or other response to defendant's motion by **August 4, 2006**. If plaintiff fails to respond by this date, the Court may treat the motion as conceded.

SO ORDERED.

Date: 7/18/06

RICHARD J. LEON
United States District Judge

2