RECEIVED
JUL 17 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISRRICT OF COLUMBIA

Andre Sylvester Watts,                :

      Plaintiff,
                                      :
v                                           Civil Action No. 1:06cv00755(RJL)
                                      :
Federal Bureau of Prisons, et al.,

      Defendants            :

### PLAINTIFF AFFIDAVIT IN OPPOSITION TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT

I Plaintiff declares under the penalty of perjury, 28 U.S.C. § 1746 that hereinbelow information is in belief of and some portions thereof are true and exact for purposes of plaintiff affidavit in opposition to defendants request for summary judgment.

1. The defendant have not prove that the 27 pages withhold is exempted under the exemption section 1 through 9 under FOIA or PI.

2. The defendant have simply stated lanquisticly that the material is exempted and it necessary for the defendant to make more than a conclusory averment in a motion and affidavit by another party.

3. The defendant lack of proof requires for the court to take a In Camera Inspection of said materials that's being alleged exempted under the exemption section of the FOIA/PA to ensure that the defendants are not simply being arbitrary, capricous or abusing its discretion because the plaintiff cannot see the documents to make a determination

whether the materials satisfies the exemption sections of FOIA/PA.

4. The defendants proffer for summary judgment contending that the issuance of a mandamus is moot is inappropiate since its not clear whether material fact is undisputed about the exemption materials claimed by defendants. Therefore, as a matter of law the defendants are not entitled to summary judgment and nor is this case moot because the controversy of the validity of the exemption can only be determined as a result of the court In Camera Inspection.

5. The materials plaintiff requested in his FOIA/PI can have adverse effect on his ability to contest the materials thereof at parole consideration hearings, custody classification hearing and possible halfway house placements, therefore, the defendant contention for success on the claim is unavailing.

6. For the foregoing reasons the defendant is not entilted to summary judgment or mootness.

Points and Authorites of Law in support to wit:

1. Jones v Cunningham, 371 US 236 (1963) (not moot)
2. Carter v Stanton, 405 US 669(1972)(summary judgment reversed)
3. Spirko v U.S. Postal Service, 147 F.3d 992(DC Cir. 1998)(In Camera Inspection)

Date: 7/11/2006

Respectfully Submitted

Andre Sylvester Watts, UCC 1-207