UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANDRE SYLVESTER WATTS,
    Plaintiff,

v.   Civil Action No. 1:06cv00755

FEDERAL BUREAU OF PRISONS, et al.,
    Defendants.

### RESPONSE TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

The Federal Bureau of Prisons, by undersigned counsel responds to Plaintiff's Motion in Opposition of Defendant's Motion for Summary Judgment.

### INTRODUCTION

Plaintiff originally filed this action as one of mandamus, seeking to compel the Bureau of Prisons to respond to his Freedom of Information Act request. See Complaint. Following the agency's filing of its Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, Plaintiff filed an Affidavit in Opposition to Defendant's Motion for Summary Judgment. See Docket Entry No. 13. In his Affidavit, Plaintiff failed to respond to the Defendant's dispositive motion. Instead, Plaintiff apparently attempted to amend his complaint,[1] alleging the information withheld and/or excised by the Bureau of Prisons was done so inappropriately.

---

[1] Plaintiff did not move to amend his complaint. However, even if Plaintiff did so move, the civil rules provide that leave to amend "shall be given freely when justice so requires, denial of leave to amend is appropriate in cases of ... futility of the amendment." See e.g., Mittleman v. United States, 997 F.Supp. 1,10 (D.C. 1998). For the purpose of this rule, "futility" means that the claim would not survive a motion to dismiss. Id. at 11. Moreover, a motion to amend a complaint may be properly denied if the amended complaint will not cure jurisdictional and venue problems. In the instant action, although the Court has not yet ruled on Defendant's Motion to Dismiss, Plaintiff's Motion (entitled "Affidavit") in Opposition to Defendant's Motion to Dismiss fail to address the jurisdictional deficiencies of his complaint.

## BACKGROUND

Plaintiff filed a Freedom of Information Act request with the Bureau of Prisons on February 21, 2006. Plaintiff requested copies of his judgment and commitment file, computation records, transfer orders, transfer requests, redesignation requests, classification forms, management variables, furlough approvals, clearance data sheets, prosecuting agency reports, and U.S. Attorney/Judge reports. See Defendant's Exhibit 1, Declaration of Sharon Wahl, Attachment 1, FOIA Request No. 2006-03865, dated February 21, 2006.

The Bureau of Prisons located 219 pages responsive to Plaintiff's request. Plaintiff was provided 191 pages in their entirety, 1 excised page (a staff member's telephone number, fax number and e-mail address were excised), and 27 pages were withheld in their entirety (all of which were Plaintiff's Presentence Investigation Report ("PSR")).[2] See Defendant's Exhibit 1, and Defendant's Exhibit 1, Attachment 2, Agency Response to FOIA Request No. 2006-03865, dated April 7, 2006. Plaintiff was provided information regarding the local procedures for gaining access to his central file in order to view his PSR. Plaintiff was also provided instructions on filing an appeal of the agency's response. See Defendant's Exhibit 1. Plaintiff failed to file an appeal. See id.

## ARGUMENT

*Plaintiff Failed to Exhaust his Administrative Remedies*

For Freedom of Information Act causes of action, "[e]xhaustion of administrative

---

[2]Pursuant to Bureau of Prisons Program Statement 1351.05, Release of Information ("P.S. 1351.05"), inmates may not possess copies of their PSR. Inmates may, however, view their PSR by making a request to their Unit Team. See Defendant's Exhibit 1, Attachment 3, P.S. 1351.05. Because an inmate may not possess his PSR, PSRs are not released to inmates through the Freedom of Information Act. See Defendant's Exhibit 1.

remedies is generally required before filing suit in federal court so that the agency has an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision." Oglesby v. United States Dep't of the Army, 920 F.2d 57, 61 (D.C.Cir. 1990)(citing McKart v. U.S., 395 US 185, 194 (1969)). "[A]s a jurisprudential doctrine, failure to exhaust precludes judicial review if 'the purposes of exhaustion' and the 'particular administrative scheme' supports such a bar." Oglesby, 920 F.2d at 61.

"Courts have consistently confirmed that the FOIA requires exhaustion of [the] appeal process before an individual may seek relief in the courts." Oglesby 920 F.2d at 61-62. Thus, the administrative scheme supports exhaustion.

Moreover, permitting Plaintiff to pursue this action without the benefit of the Office of Information and Privacy's consideration "would undercut 'the purposes of exhaustion, namely, preventing premature interference with agency processes, ... afford[ing] the parties and the courts the benefit of [the agency's] experience and expertise, ... [or] compil[ing] a record which is adequate for judicial review.' " Hidalgo v. Federal Bureau of Investigation, 344 F.3d 1256 (D.C.Cir. 2003)(quoting Ryan v. Bentsen, 12 F.3d 245, 247 (D.C.Cir. 1993)).

In the case at hand, Plaintiff filed his mandamus action before the Bureau of Prisons had responded to his FOIA request. When the agency did respond, Plaintiff was advised of his appeal rights. See Defendant's Exhibit 1, Attachment 2. Plaintiff failed, however, to file an appeal, and he has failed to provide any reason why he should be excused from the exhaustion requirement. Plaintiff's failure to appeal or exhaust administrative remedies under the FOIA precludes judicial review now. Oglesby 920 F.2d at 67 (Because plaintiff did not take an administrative appeal of his FOIA claims, judicial review of such claims is precluded).

Accordingly, this action should be dismissed.[3]

## CONCLUSION

Based on the above, the Defendants respectfully request that the Court dismiss this action.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


_____
BENTON G. PETERSON, WI. Bar #1029849
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. – Civil Division
Washington, D.C.  20530
(202) 514-7238 514-8780 (Facsimile)
**Benton.Peterson@usdoj.gov**

---

[3] In any event, Plaintiff's assertion that he is entitled under the FOIA to have a copy of his PSR while incarcerated is without merit.  The District of Columbia Court of Appeals has held that the Freedom of Information Act does not entitle a prisoner to have a copy of his PSR.  See Martinez v. Bureau of Prisons, 444 F.3d 620 (D.C.Cir. 2006); Howell v. U.S. Department of Justice, No. 04-0479, 2006 WL 890674 (D.C.Cir. April 4, 2006).

Additionally, the excised information was appropriately withheld, as Title 5 U.S.C. § 522(b)(2) exempts from disclosure under the FOIA, records that are "related solely to the internal personnel rules and practices of an agency."  See 5 U.S.C. §522(b)(2).  The withholding of "purely administrative information" is appropriate under 5 U.S.C. §522(b)(2).  See Massey v. Federal Bureau of Investigation, 3 F.3d 620 (2d Cir. 1993).  In the case at hand, the only information excised by the agency was a staff member's telephone number, fax number and e-mail address.  See Defendant's Exhibit 1, Attachment 1.

CERTIFICATE OF SERVICE

I certify that the foregoing Reply to Plaintiff's Opposition to Defendant's Motion for Summary Judgment or in the Alternative Motion to Dismiss, was served upon plaintiff by depositing a copy of it in the U.S. Mail, first class postage prepaid, addressed to:

ANDRE SYLVESTER WATTS
R13799-083
LEE COUNTY UNITED STATES PENITENTIARY
P.O. Box 305
Jonesville, VA 24263-0305

on this 31st day of July 2006.

_____
BENTON G. PETERSON
Assistant United States Attorney
Judiciary Center Building
Civil Division
555 4th Street, NW
Washington, D.C. 20530