UNITED STATES DISTRICT COURT
FOR THE DISRRICT OF COLUMBIA

Andre Sylvester Watts,          :

        Plaintiff,

                        :          Civil Action No. 1:06cv00755(RJL)

v

Federal Bureau of Prisons, et al.,   :

        Defendants           :

PLAINTIFF AFFIDAVIT IN OPPOSITION TO DEFENDANTS MOTION FOR
SUMMARY JUDGMENT

I Plaintiff declares under the penalty of perjury, 28 U.S.C. § 1746 that hereinbelow information is in belief of and some portions thereof are true and exact for purposes of plaintiff affidavit in opposition to defendants request for summary judgment.

1. The defendant have not prove that the 27 pages withhold is exempted under the exemption section 1 through 9 under FOIA or PI.

2. The defendant have simply stated lanquisticly that the material is exempted and it necessary for the defendant to make more than a conclusory averment in a motion and affidavit by another party.

3. The defendant lack of proof requires for the court to take a In Camera Inspection of said materials that's being alleged exempted under the exemption section of the FOIA/PA to ensure that the defendants are not simply being arbitrary, capricous or abusing its discretion because the plaintiff cannot see the documents to make a determination

RECEIVED

AUG 7 2006

NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

whether the materials satisfies the exemption sections of FOIA/PA.

4. The defendants proffer for summary judgment contending that the issuance of a mandamus is moot is inappropiate since its not clear whether material fact is undisputed about the exemption materials claimed by defendants. Therefore, as a matter of law the defendants are not entitled to summary judgment and nor is this case moot because the controversy of the validity of the exemption can only be determined as a result of the court In Camera Inspection.

5. The materials plaintiff requested in his FOIA/PI can have adverse effect on his ability to contest the materials thereof at parole consideration hearings, custody classification hearing and possible halfway house placements, therefore, the defendant contention for success on the claim is unavailing.

6. For the foregoing reasons the defendant is not entilted to summary judgment or mootness.

Points and Authorites of Law in support to wit:

1. Jones v Cunningham, 371 US 236 (1963) (not moot)

2. Carter v Stanton, 405 US 669(1972)(summary judgment reversed)

3. Spirko v U.S. Postal Service, 147 F.3d 992(DC Cir. 1998)(In Camera Inspection)

Date: 7/11/2006

Respectfully Submitted

*Andre Sylvester Watts*
Andre Sylvester Watts, UCC 1-207

## AFFIDAVIT OF MAILING

It is this ___1st___ day of ___August___ 2006 plaintiff submits that plaintiff affidavit in opposition to defendants motion for summary judgment was mailed to the United States District Court for the District of Columbia, as a result of the defendant motion for summary judgment June 29, 2006.

The district court sent another correspondence dated July 18, 2006 advising plaintiff about summary judgment and the risk of failure to answer. The second correspondence impresses upon me as though the opposition of July 11, 2006 of plaintiff have not been received? Attached is another copy with this affidavit of mailing.

The above is concerning: Watts v Federal Bureau of Prisons, 1:06-cv-00755.

Thank you in advance for acknowledging receipt of this correspondence.

Sincerely

_Andre S. Watts_
Andre S. Watts, UCC 1-207

Witness: _Mr. Vincent K. Hill_