UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


Andre Sylvester Watts,          :

       Plaintiff,          :

v                               :    Civil Action No. 1:06cv00755(RJL)

Federal Bureau of Prisons,

       Defendants.          :


## PLAINTIFF REPLY AND AVERMENT OF GENUINE ISSUE FOR TRIAL


   Comes Now Andre Sylvester Watts, sui juris, hereby submits a reply and averment

of  genuine issue for trial and the district court should deny the defendants summary

judgement and collateral pleadings. In support thereof, the district court jurisdic-

tion is accordance with Rule 7(b) of the Federal Rules of Civil Procedure and sets

forth as follows:


## FACTUAL AND PROCEDURAL  OF SUMMARY CASE HISTORY


   On or about February 21, 2006 plaintiff made a Freedom of Information Act request

for Federal Bureau of Prisons documents and they failed to answer within 10 working

days per statute.

   On or March 20, 2006 the plaintiff filed a writ of mandamus to compel the defendants

to comply with the 10 day statutory law of the Federal Freedom of Information, or they

should have requested for a extension of time to satisfy the Federal Freedom of Information Act law. But did not.

On or about July 3, 2006 the defendants move the district court with a motion for summary judgment.

On or about July 11, 2006 plaintiff filed a affidavit in opposition to the defendants motion for summary judgment demonstrating that a genuine issue for trial exist.

On or about July 31, 2006 the defendants filed a response to plaintiff affidavit in opposition for defendants request for summary judgment.

Plaintiff now files his motion of reply and averment of genuine issue for trial this _9th_ day of _August_ 2006.


## LEGAL ANALYSIS AND APPLICABLE LAW


Under 5 U.S.C. § 552 in relevant part:

(6)(A) Each agency, upon any request for records made under paragraph (1)(2)(3) of this subsection, shall-
(i) determine within ten days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefor, and of the right of such person to appeal to the head of the agency any adverse determination.

The district court in Aviastion  Consumer Action Project v Civil Aeronautics Board,

(1976, DC Dist of Col) held that the ten day compliance was mandatory.

Under 5 U.S.C. § 552a in relevant part:

(A)  not later than 10 days (excluding Saturdays, Sundays, and legal public holidays) after the date of receipt of such request acknowledge in writing such receipt.

The court held in Landmark Legal Foundation v E.P.A., 272 F.Supp.2d 70 (D.D.C. 2003), that a agency is to be held in contempt of court for failure to comply under the Federal

(2)

Freedom of Information Act and Privacy Act statute and provisions. Therefore, the plaintiff was right in filing a writ of mandamus to re-enforce compliance. Having filed the writ of mandamus and if the district court had granted it would not have terminated the action. But simply compelled the agency to follow their own regulations. Atchison v T & S. F.R. Co. Bd of Trade, 412 US 800 (1973).

Moreover, under the Pratt test requires proof before information under the Federal Freedom of Information Act and Privacy Act can be withheld. Pratt v Webster, 673 F.2d 408, 416 (D.D.C. 1982). The defendants is claiming that certain information is exempted and lanqusticly proffers from the statute, therefore, lacking in the proof required before any of the records alleged by them is exempted. With that in mind, the plaintiff has defeated the plaintiff motion for summary of judgment. See i.e., Tigerina v Walters, (1987) 261 App. D.C. 301, 821 F.2d 789.

Hence, the defendants has constructive amended in its motion of summary judgment by erroneous alleging that plaintiff is asking for access to the Presentence Report. Such argument wasn't tised earlier and the court should strike that portion of that argument unless the defendant first seek leave of the court to amend its motion. See F.R.Civ.R., Rule 15(c).

For the foregoing reasons, supported by points and authorities of law, the plaintiff have proffered defeat of summary judgment and a genuine issue of trial exist, particularly since the defendants have failed to comply promptly under the statutory provisions and laws[1]. The Supreme Court held in Lujan v Nat'l Wildlife Fed n, 497 US 871 (1990), to avoid summaty judgment, the nonmoving party must contradict facts that the movant specifically avers.

The averment by the defendants with an declaration of Sharon Wahl has been controverted throughout plaintiff current and preceding pleadings. For that reason after the court conduct its Camera Inspection the defendants should be ordered to appear for trial on the issue of whether it has carried its burden of proof that the correspondence by the defendants to the U.S. Parole Commission is exempted. As well their other claims of information exemption.

Date: _August 9, 2006_

Respectfully Submitted

_Andre Sylvester Watts_

UCC 1 - 207

## CERTIFICATE OF SERVICE

The plaintiff seeks the courtesy of the clerk in providing the defendant representative Benton G. Peterson, AUSA, Judiciary Center Building, Civil Division, 555 4th St, NW, Washington, D.C. 20530 a copy of plaintiff true and copy of the foregoing motion since he is being housed in Special Housing Unit without access to a copying machine.

_Andre Sylvester Watts_

UCC 1 - 207

1. The plaintiff Freedom of Information request of February 21, 2006 requesting correspondence from  Federal Bureau of Prisons to  the United States Parole Commission has not been answered therefore constitutes a geniune issue for trial. Moreover, the court cannot make a determination on the defendants motion until the court has made a Camera Inspection of the information the defendants are claiming exempted. For example, the defendants is suggesting that the Judicial Reccommendation and U.S. Attorney Reports, Response to is not disclosable is not true because the Bureau of Prison Program Statment 5070.10 permits disclosure irrespective to it being in the Presentence Report, so that's another reason why the court should not grant defendants motion for summary judgment until the court had ascertain said Program Statement and Camera Inspect the other information it's erroneously relying on to avoid fuljilling plaintiff request. See Spirko v U.S. Postal Service, 147 F.3d 992 (DC. Cir 1998).

(4)