UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

JAN 8 – 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | | |
|---|---|---|
| ANDRE SYLVESTER WATTS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-0755 (RJL) |
| | ) | |
| FEDERAL BUREAU OF PRISONS, | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION

This matter is before the Court on defendant's motion for summary judgment or, in the alternative, to dismiss. Having considered the motion, plaintiff's responses, and the entire record, the Court will grant summary judgment for defendant.

### I.  BACKGROUND

This matter proceeds as a civil action under the Freedom of Information Act ("FOIA"), see 5 U.S.C. § 552, against the Federal Bureau of Prisons ("BOP"). *Watts v. Federal Bureau of Prisons*, No. 06-755 (D.D.C. May 31, 2006) (order denying petition for writ of mandamus and construing pleading as civil action under FOIA). Plaintiff submitted a FOIA request to BOP for information generally pertaining to his commitment and custody. *See* Compl. at 1 & Attach. (February 21, 2006 FOIA request). Of the 219 pages of records located in response to plaintiff's request, BOP released 191 pages in full and released one page in part. Response to Plaintiff's Opposition to Defendant's Motion for Summary Judgment ("Def.'s Reply"), Declaration of Sharon Wahl ("Wahl II Decl.") ¶ 5. In addition, BOP withheld 27 pages in

1

full, "all of which were inmate Watts' Presentence Investigation Report." *Id.* BOP provided instructions for filing an administrative appeal of its response, but plaintiff did not do so. *Id.* ¶¶ 6, 10.

## II. DISCUSSION

### A. Summary Judgment Standard

The Court grants a motion for summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the burden of demonstrating an absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Factual assertions in the moving party's affidavits may be accepted as true unless the opposing party submits his own affidavits or documentary evidence to the contrary. *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992).

In a FOIA case, the Court may grant summary judgment based on the information provided in affidavits or declarations when the affidavits or declarations describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981).[1] Such affidavits or

---

[1] In support of its motion, defendant submits two declarations of Sharon Wahl. *See* Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, Ex. A ("Wahl I Decl."); Def.'s Reply, Ex. 1 ("Wahl II Decl."). Ms. Wahl is the Legal Instruments Examiner for BOP's Beckley Consolidated Legal Center. Wahl I Decl. ¶ 1. She is responsible for processing incoming FOIA requests. *Id.* ¶ 3.

2

declarations are accorded "a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'" *SafeCard Servs., Inc. v. Sec. and Exchange Comm'n*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (quoting *Ground Saucer Watch, Inc. v. Central Intelligence Agency*, 692 F.2d 770, 771 (D.C. Cir. 1981)).

### B. Plaintiff Did Not Exhaust His Administrative Remedies

Generally, a plaintiff may seek judicial review of his FOIA request only after he has exhausted all administrative remedies. *Pollack v. Dep't of Justice*, 49 F.3d 115, 118 (4th Cir.), *cert. denied*, 516 U.S. 843 (1995); *Oglesby v. United States Dep't of the Army*, 920 F.2d 57, 61 (D.C. Cir. 1990); *Spannaus v. United States Dep't of Justice*, 824 F.2d 52, 58 (D.C. Cir. 1987). "Exhaustion of administrative remedies is generally required before filing suit in federal court so that the agency has an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision." *Oglesby*, 920 F.2d at 61 (citing *McKart v. United States*, 395 U.S. 185, 194 (1969)). A FOIA suit is subject to dismissal if a plaintiff fails to exhaust his administrative remedies. *Hidalgo v. Fed. Bureau of Investigation*, 344 F.3d 1256, 1260 (D.C. Cir. 2003); *see Dettmann v. United States Dep't of Justice*, 802 F.2d 1472, 1477 (D.C. Cir. 1986).

Defendant demonstrates that plaintiff was advised of his right to challenge BOP's partial denial of his FOIA request. Wahl II Decl., ¶ 6 & Attach. 2 (April 7, 2006 letter from D. Stevens, Supervisory Attorney, Beckley Consolidated Legal Center, BOP, regarding FOI Request No. 2006-03865). BOP further demonstrates that plaintiff did not avail himself of this opportunity. *Id.* ¶ 10. Nothing in plaintiff's responses addresses the issue of exhaustion. *See*

*generally* Plaintiff['s] Affidavit in Opposition to Defendant[']s Motion for Summary Judgment ("Pl.'s Aff."); Plaintiff['s] Reply and Averment of Genuine Issue for Trial. Accordingly, the Court treats the issue as conceded. *Fed. Deposit Ins. Corp. v. Bender*, 127 F.3d 58, 67-68 (D.C. Cir. 1997) (treating plaintiff's motion as conceded for defendant's late filing of opposition to its summary judgment motion); *Buggs v. Powell*, 293 F.Supp. 2d 135, 141 (D.D.C. 2003) (treating as conceded defendant's arguments to which plaintiff failed to respond).

### C. Plaintiff Cannot Obtain a Copy of his PSR under FOIA

Insofar as plaintiff challenges BOP's decision to withhold his PSR, *see* Pl.'s Aff. ¶ 1, this challenge must fail. BOP Program Statement 1351.05 ("P.S. 1351.05"), which governs the release of BOP information under FOIA, expressly prohibits an inmate from obtaining or possessing a copy of his PSR. In relevant part, P.S. 1351.05 provides:

> Federal Presentence Reports (PSR) and Statements of Reasons (SOR) from Judgments in Criminal Cases. For safety and security reasons, inmates are prohibited from obtaining or possessing photocopies of their PSRs, SORs, or other equivalent non-U.S. Code sentencing documents (e.g., D.C., state, foreign, military, etc.). Inmates violating this provision are subject to disciplinary action.

P.S. 1351.05 at 15 ¶ 12(a)(2)(d). Although an inmate cannot obtain or possess his PSR, he may review his PSR and take notes on it pursuant to the following provision:

> Inmates must be provided reasonable opportunities to access and review their PSRs, SORs, or other equivalent non-U.S. Code sentencing documents (e.g., D.C., state, foreign, military, etc.).

P.S. 1351.05 at 15 ¶ 12(d)(1). An inmate who is afforded such access to his PSR is not entitled under FOIA to obtain or possess a copy of his PSR. *Martinez v. Bureau of Prisons,*

4

444 F.3d 620, 625 (D.C. Cir. 2006) (per curiam); *Levi v. Nash*, No. 04-5233, 2005 WL 3610346 (D.C. Cir. Mar. 24, 2005) (per curiam); *but see United States v. Pugh*, 69 Fed. Appx. 628, 629 (4th Cir. 2003) (per curiam). P.S. 1351.05 "sets forth reasons, based on concerns about inmate safety, for prohibiting inmates from keeping copies of their PSRs in their cells and reflects a judgment regarding prison administration that a court would be loath to second-guess." *Martinez*, 444 F.3d at 625.

### III. CONCLUSION

Defendant demonstrates that plaintiff failed to exhaust his administrative remedies before filing the instant civil action. The Court concludes that defendant met its burden on summary judgment, and, therefore, will grant defendant's motion. An Order consistent with this Memorandum Opinion is issued separately on this same date.

RICHARD J. LEON<br>
United States District Judge

Date: 1/4/07